Cara Leslie **ALEXANDER**, Appellant

v.

**FEDERAL BUREAU OF INVES-
TIGATION and Executive
Office, Appellees.**

**Nos. 10–5140, 10–5143.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 14, 2011.

Paul J. Orfanedes, James F. Peterson, Dale Lee Wilcox, Judicial Watch, Inc., Washington, DC, for Appellant.

Ronald C. Machen, Jr., Esquire, U.S., R. Craig Lawrence, U.S. Attorney's Office, Lindsey Powell, Michael S. Raab, Elizabeth J. Shapiro, Mark B. Stern, U.S. Department of Justice, Washington, DC, for Appellees.

Before: TATEL and GRIFFITH,
Circuit Judges, and WILLIAMS, Senior
Circuit Judge.

### *JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellants allege that two units within the Executive Office of the President ("EOP") violated the Privacy Act by mishandling records from employees' FBI background investigations. The only issue is whether the two subdivisions are "agencies" within the meaning of the Privacy Act. The Privacy Act expressly incorporates the definition of "agency" from the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552a(a)(1). The Supreme Court has held that the term "agency," as used in FOIA, does not include offices within the EOP "whose sole function is to advise and assist the President." *Kissinger v. Reporters Committee*, 445 U.S. 136, 156, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980). *Kissinger* expressly held that the Office of the President, which is within the EOP, is not

subject to FOIA. *Id.* The two units at issue in this case, the White House Office of Personnel Security and the White House Office of Records Management, are both housed within the Office of the President.

Appellants argue that we should not import the Supreme Court's reading of the definition of "agency" under FOIA into the Privacy Act because "the two statutes serve distinctly different purposes." Appellant Br. 11. But we have already held twice that the *Kissinger* reading of "agency" applies to statutes that expressly incorporate the FOIA definition, and the most recent of these cases involved the Privacy Act itself. *Wilson v. Libby,* 535 F.3d 697 (D.C.Cir.2008); *Rushforth v. Council of Econ. Advisers,* 762 F.2d 1038 (D.C.Cir.1985). In *Wilson* we explained that the plaintiffs in that case would be unable to recover under "the Privacy Act because the Act exempts the Offices of the President and Vice President from its coverage." 535 F.3d at 707. Appellants try unsuccessfully to dismiss *Wilson* as dictum: But in fact the decision was necessary to the outcome in *Wilson* and therefore part of our holding. *Id.* at 707–08. Appellants try to avoid *Rushforth* by arguing that the statute at issue in that case, the Government in the Sunshine Act, had a very similar purpose to FOIA and that therefore it was appropriate to use the same definition of "agency" in both statutes. Yet *Rushforth* did not rely on purpose analysis; rather, it held that the *Kissinger* reading of FOIA applied "of necessity" because the Act expressly incorporated the FOIA definition. *Rushforth,* 762 F.2d at 1043. In any event, to the extent that *Rushforth* left any ambiguity, *Wilson* resolved it.

Appellants claim just one case as direct support: *United States v. Espy,* 145 F.3d 1369 (D.C.Cir.1998). Although *Espy* did decline to apply the FOIA definition to an act with a different purpose, the *Espy* statute's definition of "agency" was different from that of FOIA.

Pursuant to Rule 36 of this Court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C.CIR. R. 41.